## CLECKLEY *vs.* HULL *et al.*

D. owes S. a debt upon his security. D. gives S. a mortgage on three negroes as further security for the debt. C., ignorant of the mortgage lien, buys the three negroes of D. at a full price. S., the creditor, with a knowledge of the sale, gives indulgence to D. from year to year, for three years, until D., who was solvent at the time the mortgage matured, had become insolvent when it was foreclosed. S. attempts to enforce the lien for his debt against the mortgage property: *Held*, That C. is entitled to be protected in his purchase, against the mortgage lien.

In Equity, in Muscogee Superior Court. Decision on demurrer, by Judge WORRILL, at November Term, 1859.

This was a bill filed by Hervey M. Cleckley, against John R. Hull and Alexander Sheppard. The bill alleges, in substance, that some four years prior to the time of the filing of this bill, complainant purchased from one Oliver Danforth, a negro woman and child, paying Danforth for the same the sum of thirteen hundred and fifty dollars; that moré than three years after said purchase, during all of which time complainant had peaceable possession of said negroes, he was, for the first time, informed that Alexander Sheppard held a mortgage thereon, executed by Danforth, prior to the sale made as above stated, to complainant, which mortgage was given for the better securing a debt owing by Danforth to Sheppard, amounting to about twelve hundred dollars, and to which (said debt being a promissory note) John R. Hull was security.

The bill further alleges, that Sheppard had foreclosed his mortgage and ordered a levy and sale of said negroes, and that the Sheriff of Muscogee county, under the mortgage *fi. fa.*, seized and levied upon said negroes, when complainant interposed his claim, and on the trial of said claim, it was proved and admitted that complainant was an innocent purchaser for valuable and full consideration, and that he had held peaceable possession of said negroes for more than three years, without notice or knowledge of any incumbrance on Danforth's title thereto, by mortgage, judgment, or other lien, and complainant asked the Court to charge the jury that such possession protected his title against the mortgage lien in this case.

Cleckley *vs.* Hull *et al.*

This trial was had in the Inferior Court, and counsel on both sides having announced, during the trial, that there would be an appeal to let the question be decided by the Superior Court as it might, said Court stopped further argument as unnecessary, and decided the point of law against complainant, who thereupon confessed judgment to the plaintiff, reserving the right of appeal. That complainant being ignorant as to what was necessary to be done to entitle him to have his case tried on the appeal, relied entirely upon his counsel. That Mr. Halderness, his leading counsel, and Mr. Williams, assistant counsel, were both unwell at the time of the confession aforesaid, although present in Court, and immediately thereafter, they were both quite ill for some time, and confined to their houses and unable to attend to any professional business. That complainant called at their offices within a day or two after said trial, to ascertain if said appeal had been entered, and not finding either of them in, and not knowing of their illness, he supposed that the matter had been attended to; and complainant avers that said appeal would have been legally and properly entered, but for the illness of his counsel; and that both his counsel have been unable, in consequence of their sickness, to prepare and draft this bill, until this term (the week before the sitting of November Term, 1859, of Muscogee Superior Court.) And, therefore, complainant has been prevented from having a fair trial at law, and seeks the aid of a Court of Equity to relieve him against irreparable injury.

The bill further states, that at the time Danforth sold said negroes to complainant, and for two or three years thereafter, he was solvent and in good credit, doing an extensive drug business in the city of Columbus, and that if Sheppard had urged and required the payment of his debt against Danforth, the same would have been paid, and paid without resorting to the negroes sold by Danforth to complainant. But instead of requiring payment of said debt at or soon after its maturity, Sheppard granted further time and indulgence to Danforth, and agreed, upon a consideration then paid to him, that he would extend indulgence for twelve months, and at the end of that time, Sheppard gave another year's indulgence for a consideration received from Danforth, and payment was extended a third year on like consideration. That said indulgence and contracts were given and made by Shep-

pard, without the knowledge or consent of complainant, notwithstanding Sheppard had knowledge of the purchase of said negroes by complainant, and that he had paid for the same, and had possession thereof. And Sheppard thus granted indulgence, and delayed enforcing or requiring the payment of his debt, until Danforth failed, when he proceeded to foreclose his mortgage on the negroes thus bought years before from Danforth, and bought without knowledge of Sheppard's mortgage. Then Danforth is now utterly and totally insolvent, and has been ever since complainant had notice of said mortgage.

The bill further states, that Hull was Danforth's security on the note held by Sheppard, and for the better securing of which the mortgage was executed; and that he, upon the foreclosure of Sheppard's mortgage, came forward and paid said note in full to Sheppard, who transferred and delivered the same to Hull, together with the mortgage; and that the same is now held and controlled by him and kept open for his benefit.

The bill prays that an injunction issue to sustain defendants from issuing said mortgage *fi. fa.* against said negroes; that said negroes be declared and deemed exempt and discharged from said mortgage, and all the heirs and incumbrances growing thereout, etc.

Defendants demurred to this bill for want of equity.

After argument, the Court sustained the demurrer and dismissed the bill, and counsel for complainant excepted.

WILEY WILLIAMS and DOUGHERTY, for plaintiff in error.

R. W. DENTON, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was there equity in complainant's bill? We think so. Buying the judgment debtor, Danforth's property as he did, he is an innocent purchaser, and as such, is entitled to the same protection that a security would be. Sheppard, with a full knowledge of this fact, extended indulgence from year to year, for three years, to Danforth, for a consideration paid to him annually in advance, until Danforth, who was solvent at the maturity of the mortgage debt, became insol-

vent, and then the attempt is made to subject the mortgage property to the payment of the debt.

If the facts alleged in the bill are true, the negroes bought by Cleckley of Danforth, are discharged from the mortgage lien. And as to Hull, he stands in no better situation than Sheppard. Under no circumstances is he entitled to control this mortgage security. If he voluntarily paid the debt of his principal, from which he was legally released, unless he consented to the indulgence given to Danforth, it is his own fault. And if he did consent, it would be as fraudulent in him to look to the mortgage property for re-imbursement as it would be in Sheppard to seek to make it liable in the first instance : 5 *page Rep.*, 614.

Believing as we do, that there is equity in the bill, we should not be very strenuous as to the excuse rendered by complainant for not entering the appeal in the Inferior Court. His counsel was sick at the time the judgment was rendered, though in Court. Both of them were stricken down by disease immediately, and kept in bed, unable to attend to business until the four days had expired. Complainant called at their office, not knowing of their sickness; but not seeing them, he took it for granted that the business had been attended to.